## In re CRAWFORD.

(Circuit Court of Appeals, Eighth Circuit. March 19, 1907.)

### No. 68.

BANKRUPTCY—JURISDICTION—INDIAN TERRITORY—JURISDICTION TO REVISE ORDERS.

The United States Circuit Court of Appeals of the Eighth Circuit has no jurisdiction to revise in matter of law, under section 24b of the bankruptcy act (Act July 1, 1898, c. 541, 30 Stat. 553 [3 U. S. Comp. St. 1901, p. 3432]), the orders of the courts of original jurisdiction of the Indian Territory sitting in bankruptcy.

[Ed. Note.—Appeal and review in bankruptcy cases, see note to In re Eggert, 43 C. C. A. 9.]

(Syllabus by the Court.)

Petition to Revise Order of the United States Court for the Southern District of the Indian Territory, in Bankruptcy.

Clinton A. Galbraith, Thomas D. McKeown, and Joseph B. Thompson, for petitioner.

James T. Blanton, Leonidas C. Andrews, and Alvin F. Pyeatt, for respondent.

Before SANBORN, HOOK, and ADAMS, Circuit Judges.

SANBORN, Circuit Judge. John P. Crawford has presented his petition to revise in matter of law, under section 24b of the bankruptcy act (Act July 1, 1898, c. 541, 30 Stat. 553 [3 U. S. Comp. St. 1901, p. 3432]), an order of the United States Court for the Southern District of the Indian Territory, sitting as a court of bankruptcy, to the effect that he pay over to R. C. Fleming, the trustee of the estate of one Gibson, a bankrupt, $1,300, and that his exceptions to the report and order of the referee to the same effect be overruled.

The Indian Territory has never been assigned to this circuit, as have the territories of New Mexico and Oklahoma, under section 15 of the act to establish the Circuit Courts of Appeals (Act March 3, 1891, c. 517, 26 Stat. 830 [1 U. S. Comp. St. 1901, p. 554]; 139 U. S. 707, 11 Sup. Ct. iv); and for that reason, as was decided in Re Blair, 106 Fed. 662, 664, 45 C. C. A. 530, 532, upon a review of the acts of Congress, the Court of Appeals of this circuit is without jurisdiction to entertain petitions to revise, in matters of law, the orders of the courts of original jurisdiction of the Indian Territory sitting in bankruptcy.

The petition is therefore dismissed for want of jurisdiction.